UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JASON DOUGLAS VERHULST,

                    Petitioner,                           Case No. 1:22-cv-563

v.                                                         Honorable Ray Kent

MELINDA BRAHAM,

                    Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly

after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of

the petition to determine whether "it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules

Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed.

Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen

out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions

which raise legally frivolous claims, as well as those containing factual allegations that are

palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court

may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v.*

*McDonough,* 547 U.S. 198, 209 (2006). Upon preliminary review, it appears that the petition is

barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way

of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed

as untimely.

## Discussion

I. **Factual Allegations**

Petitioner Jason Douglas Verhulst is incarcerated with the Michigan Department of Corrections at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. On May 16, 2018, Petitioner pleaded guilty in the Newaygo County Circuit Court to second-degree murder. On July 19, 2018, the court sentenced Petitioner to a prison term of 23 to 40 years, a term negotiated by the parties as part of the plea agreement.

Petitioner, with the assistance of counsel, filed an application for leave to appeal the judgment claiming that the sentence imposed was disproportionate. The Michigan Court of Appeals denied leave to appeal by order entered February 28, 2019. Petitioner did not file an application for leave to appeal that decision to the Michigan Supreme Court.

Petitioner then filed a motion for relief from judgment in the Newaygo County Circuit Court on May 16, 2019. Petitioner claimed that his trial counsel and appellate counsel rendered ineffective assistance. By order entered June 3, 2019, the trial court denied relief. Petitioner, with the assistance of present counsel, filed an application for leave to appeal that decision to the Michigan Court of Appeals. By order entered April 3, 2020, the court of appeals denied leave to appeal. Petitioner, again with the assistance of present counsel, filed an application for leave to appeal to the Michigan Supreme Court. That court denied leave by order entered March 17, 2021.

On June 17, 2022, Petitioner, with the assistance of counsel, filed his habeas corpus petition.

2

## II.    Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner sought leave to appeal the judgment of sentence to the Michigan Court of Appeals. That court denied leave on February 28, 2019. Petitioner did not seek leave to appeal to the Michigan Supreme Court.

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2). Accordingly, Petitioner's conviction became final on Thursday, April 25, 2019**.** Petitioner had one year from that date in which to file his habeas application. April 25, 2020, however, was a Saturday; so Petitioner had until Monday, April 27, 2020, to file his habeas petition.

Petitioner filed on June 17, 2022. Obviously, Petitioner filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

Petitioner filed a motion for relief from judgment in the trial court on May 16, 2019. That "application for State post-conviction . . . review" tolled the running of the statute of limitations.

The statute of limitations remained tolled from the filing of the application for state post-conviction or other collateral relief until the Michigan Supreme Court denied relief on March 17, 2021. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute would not have been tolled, however, during the time that Petitioner petitioned for writ of certiorari in the United States Supreme Court or during the time Petitioner might have sought that relief. *Id.* at 332.

Petitioner's period of limitation ran for 21 days—from April 25, 2019, until he filed his motion on May 16, 2019. The period was then tolled from May 16, 2019, until March 17, 2021. The period then ran for 344 days and expired on Thursday, February 24, 2022. Thus, even considering statutory tolling, the petition is almost four months too late.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The doctrine of equitable tolling is to be applied "sparingly." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). The Sixth Circuit has echoed that caution in the context of habeas corpus petitions. *See, e.g.*, *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 851 (6th Cir. 2017) ("But we must take care to only apply the equitable tolling doctrine 'sparingly.'"); *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) ("We have indicated that equitable tolling should be applied 'sparingly[.]'"). A petitioner seeking equitable tolling must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. Petitioner was represented by counsel through his state court appeal and the filing of this petition. But even if the late filing is the product of attorney

5

error, a "garden variety claim of excusable neglect," such as a simple miscalculation of the limitations period, does not warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010); *see also Maples v. Thomas*, 565 U.S. 266, 282 (2012) (citing *Holland*, 560 U.S. at 651–52 (citing *Lawrence*, 549 U.S. at 336 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.")).

Accordingly, it does not appear that Petitioner is entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case Petitioner contends that he is innocent; but he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. As both the Supreme Court and Sixth Circuit have made clear, "actual innocence means factual innocence, not mere legal insufficiency."

*Bousley v. United States*, 523 U.S. 614, 623–24; *accord Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Petitioner's memorandum of law reveals that he does not deny firing the shot that killed the victim; rather, Petitioner claims that he may have been involuntarily intoxicated and, thus, not legally responsible for that action. "[T]he defense of involuntary intoxication is part of the defense of insanity when the chemical effects of drugs or alcohol render the defendant temporarily insane." *People v. Caulley*, 494 N.W.2d 853, 858 (Mich. Ct. App. 1992). But claiming "insanity" is a "legal defense," *People v. Kelsey*, No. 349159, 2020 WL 6938416, at *3 (Mich. Ct. App. Nov. 24, 2020) (citing *People v. Carpenter*, 627 N.W.2d 276, 280 (Mich. 2001)), not a factual one. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.


Dated:   July 8, 2022                              /s/ Ray Kent
                                                    Ray Kent
                                                    United States Magistrate Judge

7